IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| JERRY HILL, individually,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC., a foreign PROFIT corporation,<br><br>　　　　　　　Defendant. | NO. 20-2-07773-4<br><br>PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES |

COMES NOW the Plaintiff, Jerry Hill, by and through his attorney of record, Dexter L. Callahan of Van Siclen, Stocks & Firkins, and for a cause of action against Defendant allege as follows:

## I.　　INTRODUCTION

1.1　　This case arises from the negligence of SAFEWAY, INC. in the maintenance of its floor that caused Plaintiff Jerry Hill to sustain strains to his neck, shoulder and lumbar region, right knee and contusion of his right hip. The fall and resulting injuries occurred at the Safeway #1437 store located at 1302 S 38th St in Tacoma, Washington.

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 1

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (877) 515-6707

## II.  PARTIES

2.1.  **Plaintiff Jerry Hill.** Plaintiff Jerry Hill maintains this action in his individual capacity. He resides in Pierce County, Washington.

2.2  **Defendant Safeway, Inc.** On information and belief it is alleged that Safeway, Inc. is a foreign corporation doing business in the State of Washington and in Pierce County, Washington.

## III.  JURISDICTION AND VENUE

3.1  The cause of this action arose from the negligent acts of the Defendant that occurred in Pierce County, State of Washington. This Court has jurisdiction over the parties to and the subject matter of this incident. Venue is proper in Pierce County Superior Court.

## IV.  FACTUAL SUMMARY

4.1  Safeway, Inc. ("Safeway") operates several grocery supermarket stores.

4.2  On or about May 31, 2019, Plaintiff Jerry Hill entered the Safeway store located at 1302 S 38th St in Tacoma, Washington.

4.3  Jerry Hill went to Safeway that day to purchase groceries.

4.4  Jerry Hill was walking in the meat aisle of the store.

4.5  There were crates and other things stacked in the aisle and a clear liquid on the floor. Upon information and belief the ceiling had leaked water on to the floor. The existence of this liquid constituted a clear and present dangerous condition to all of Defendant's business invitees.

4.6  There were no warning signs, barriers, or other devices that would prevent shoppers from encountering the clear liquid on the floor and slipping and falling. The lack of warning signs, barriers or other devices that would prevent shoppers and business invitees from encountering the liquid constituted a clear and present dangerous condition to all such business invitees and constituted a failure to warn of the dangerous condition.

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (877) 515-6707

4.7   Jerry Hill did not see the liquid on the ground and stepped into the liquid causing him to slip and fall

4.8   Jerry Hill fell hard on the floor landing on his right side and back. As he was falling, he tried to brace himself.

4.9   Jerry Hill was in excruciating pain. He was embarrassed and trying to regain his composure.

4.10   Jerry Hill was approached by a Safeway employee the roof had been leaking for "a while now."

4.11   Defendant knew, or, in the exercise of reasonable care should have known, of the condition. Defendant should have corrected the condition or warned Jerry Hill of its existence. Additionally, defendant should have had a non-slip surface which would have prevented the fall which resulted from a foreseeable condition

4.12   As a direct and proximate result of the negligence of the Defendant, as is herein described and alleged, Plaintiff sustained significant injury.

4.13   Since the injury occurred, Plaintiff has requested the Defendant preserve any documents related to this incident, including video, photographs, and communications.

4.14   At all times material hereto, Defendant owned, controlled, supervised, managed, cared for, and maintained the Safeway store where Plaintiff's injuries occurred. Plaintiff was a business invitee of Defendant Safeway. Defendant Safeway knew, should have known, or created the liquid that covered the floor where Plaintiff fell. Defendant knew or should have known the liquid was hazardous to all invitees, including the Plaintiff. Because of Defendant Safeway's methods of operation, the existence of unsafe conditions on the premises was reasonably foreseeable and/or continuous. Defendant Safeway should have expected that invitees, including Plaintiff, would not

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (877) 515-6707

discover or realize the danger posed by the liquid, or would fail to protect themselves against it. Defendant Safeway had a duty to inspect the premises for dangerous conditions, followed by remediation of all such dangerous conditions, placing of safeguards, or warnings as may be reasonably necessary for the Plaintiff's protection under the circumstances. Defendant Safeway had a duty to use reasonable care to protect the Plaintiff from the danger posed by the liquid. Defendant Safeway failed to inspect the premises for dangerous conditions, and failed to follow through with repair, safeguards, or warnings that were reasonably necessary to protect the Plaintiff. Defendant Safeway had a duty not to let liquid remain on the floor and to repair the leaking roof causing the ongoing danger. Defendant Safeway failed to exercise reasonable care to protect the Plaintiff against the danger posed by the liquid. These failures of Defendant Safeway directly caused Plaintiff's injuries.

## V.   DAMAGES

5.1   The tortious conduct of the Defendant was the sole and proximate cause of injuries and damages to Plaintiff. Plaintiff has incurred medical expenses and has undergone pain and suffering, disability and loss of enjoyment of life, wage loss, and other economic damages all in an amount to be proven at the time of trial.

## VI.   LIMITED WAIVER OF PHYSICIAN PATIENT PRIVILEGE

6.1   Pursuant to RCW 5.60.060(4)(b), Plaintiff hereby waives the physician-patient privilege only so far as necessary to place any and all alleged damages at issue at the time of trial, as might be required by statute or case law interpreting the statutes of the State of Washington.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A.   For a judgment of liability in favor of the Plaintiff and against the Defendant;

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (877) 515-6707

B. For an award of damages in favor of the Plaintiff and against the Defendant in an amount to be proven at time of trial.

C. For all such further relief that the Court deems just and equitable.

DATED this 24th day of September, 2020.

                      VAN SICLEN, STOCKS & FIRKINS

                      /s/ Dexter L. Callahan
DEXTER L. CALLAHAN, WSBA No. 53119
Attorneys for Plaintiff
721 45th St NE
Auburn, WA 98002-1381
Phone: (253) 859-8899
FAX: (855) 447-1266
Email: dexterc@vansiclen.com

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 5

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (877) 515-6707